UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSE NAPOLEAN GARCIA,

                             Petitioner,


              -against-                                              11 Civ. 3464 (LAK)


ERIC HOLDER, et al.,

                             Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OPINION**


              Appearances:


Peter E. Torres                              Sue Chen
LAW OFFICE OF PETER E. TORRES                Patricia L. Buchanan
*Attorney for Petitioner*                    Assistant United States Attorneys
                                             PREET BHARARA
                                             UNITED STATES ATTORNEY




LEWIS A. KAPLAN, *District Judge.*

              Petitioner is the subject of a final order of removal from the United States.  The

matter is before the Court on his motion for a stay of his removal pending decisions in this habeas

action and by the Board of Immigration Appeals ("BIA") on his motion to reopen ("MTR") removal

proceedings.  He asks also that the Court order him released from Immigration and Customs

Enforcement ("ICE") detention on $10,000 bail pending those decisions.

2

*Facts*

Petitioner is a citizen of El Salvador.  It appears that he entered the United States one or more times during the early 1990s but has been here continuously since 1993.[1]  During his time in this country, he has had several run-ins with the law.  He was convicted in 1997 of driving under the influence of alcohol, in 2004 of criminal mischief, and in 2008 of attempted assault in the third degree.[2]

On the basis of his 2004 criminal mischief conviction, petitioner was placed in removal proceedings in December 2005.[3]  His application to cancel removal was denied by an immigration judge in New York on February 18, 2010.[4]  The BIA affirmed that decision on February 23, 2011,[5] at which point the order of removal became final.[6]  Petitioner did not seek review in the Court of Appeals.  He thereafter received a notice to report on May 24, 2011, for removal.

On May 16, 2011, petitioner filed with the BIA a motion to reopen ("MTR") its

---

[1]

Jose Napolean Garcia, I-918 Petition for U Nonimmigrant Status.

[2]

*In re Jose Napolean Garcia*, File A073 570 821, Appeal of Decision on Cancellation of Removal at 2 (Feb. 23, 2011).

[3]

*In re Jose Napolean Garcia*, File A073 570 812, Oral Decision in Removal Proceedings at 1 (Feb. 18, 2010).

[4]

*Id*.

[5]

*In re Jose Napolean Garcia*, File A073 570 821, Appeal of Decision on Cancellation of Removal (Feb. 23, 2011).

[6]

*See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1.  *See also* Petition ("Pet.") ¶ 19.

February 23 decision.[7]  The MTR makes two arguments.  First, it asserts that a medical evaluation

conducted after the February 23 decision revealed that petitioner "suffers from a mental disability

making him incompetent and preventing him from remembering the simplest facts."[8]  Second, it

claims that petitioner is eligible for a "U Visa"[9] – if granted, a U Visa would allow an alien who has

been a victim of a crime to remain in the United States  – because of one or more assaults against

him in 2008 and/or 2009.  Petitioner sought also from the BIA a stay of removal pending its

resolution of his MTR.  His lawyer's secretary attests that a clerk at the BIA told her then that the

BIA would not consider petitioner's request for a stay until he was in ICE detention.[10]

On May 20, 2011, petitioner filed this petition for a writ of habeas corpus.  He asserts

principally that the Due Process Clause bars respondents from detaining or removing him before the

BIA decides the MTR.  He immediately moved to stay detention and removal pending resolution

of the MTR and this habeas action.  On the government's consent, this Court stayed removal until

June 3, 2011.[11]

Following the issuance of the stay, on May 24, 2011, petitioner reported to ICE

custody as required.[12]  The next day, he applied to the BIA for a stay of removal.  That application

---

[7]

      Pet. ¶¶ 16-17.

[8]

      *Id.* ¶ 18.

[9]

      *Id.*

[10]

      Fazeena Jagroop Aff.

[11]

      DI 3.

[12]

      DI 4 at 3.

4

was denied based on the BIA's conclusion that it probably would not grant the MTR.[13]

*Discussion*

Petitioner challenges his detention and pending removal on three grounds.

I.      *Review of Petitioner's Removal Order*

First, petitioner contends that the removal order pursuant to which he is being detained and is to be removed was issued in error.[14]  Under the REAL ID Act, however, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal."[15]  The Act strips all federal district courts of jurisdiction to hear any claims related to removal orders.

> "Except as provided in this section . . . , no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."[16]

---

13

DI 4 at 3.

14

Pet. ¶ 18.

15

8 U.S.C. § 1252(a)(5) . *See also* 8 U.S.C. § 1252(b)(2) ("With respect to review of an order of removal . . . [t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."); *Luna v. Holder*, 637 F.3d 85, 86 (2d Cir. 2011) ("The sole and exclusive means of challenging a final order of removal is to file a petition for review in a federal court of appeals.").

16

8 U.S.C. § 1252(g).

Petitioner contends that "[t]he habeas stripping provisions contained in the [Real ID Act] violate the Suspension Clause" because courts of appeals, in reviewing removal orders, cannot "order the taking of new evidence" concerning his alleged mental disability and eligibility for a U-Visa. DI 4 at 3-4 (citing 8 U.S.C. § 1252(a)(1)).  But petitioner's right to

5

Nor may this Court transfer this petition to the Second Circuit – the court in which petitioner could have sought review. "If a petition for review is filed more than 30 days after the order of removal, the court of appeals lacks jurisdiction over the petition."[17] As petitioner concedes, his order of removal became final on February 23, 2011.[18] He therefore had until March 25 to seek review. This petition, however, was not filed until May 20. Consequently, transfer is not permitted.[19]

## II.     Constitutionality of Detention

Petitioner next contends that his detention during the pendency of his MTR and this habeas petition violates the Due Process Clause of the Constitution.[20] He asks to be released on bail.

---

file an MTR and have the BIA's ruling thereon reviewed by the Court of Appeals is an adequate and effective substitute for habeas review. *See infra* pp. 7-9. *See generally Luna*, 637 F.3d 85. When petitioner filed his MTR with the BIA, he included the evidence at issue. *See In re Jose Napolean Garcia*, File A073 570 812, Respondent's Motion to Reopen, Remand, and for Emergency Stay of Removal at 49-135 (May 16, 2011). Presumably, then, that evidence would be part of the record before the Court of Appeals in the event that petitioner properly seeks review of any ruling on his MTR. The Court of Appeals therefore could consider the evidence in its review. *Cf. Xia Xing Ni. v. Gonzales*, 494 F.3d 260, 270 (2d Cir. 2007) (considering "the unremarkable proposition that a remand is appropriate when the BIA fails to consider potentially material evidence *that was in the record before it.*" (quoting *Shou Yung Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir. 2006)).

17    *Luna*, 637 F.3d at 86.

18    *See* Pet. ¶ 19.

19    *See De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 618 (2d Cir. 2007).

20    Pet. ¶ 50.

The REAL ID Act does not appear to divest the Court of jurisdiction to consider this question. The Act deals with claims arising out of removal orders. 8 U.S.C. § 1252. *See also Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). By contrast, this is a claim that – irrespective of the validity of the removal order – petitioner may not be detained

6

Section 241(a)(2) of the Immigration and Nationality Act requires the Attorney General to detain aliens, like petitioner, who are subject to final orders of removal "[d]uring the removal period."[21]  The removal period, in turn, "begins on the latest of the following:

> "(i) The date the order of removal becomes administratively final.
>
> "(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> "(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."[22]

As petitioner's order of removal became administratively final on February 23, 2011, and neither of the other provisions applies, petitioner's detention is mandatory under statute.  The question therefore is whether Section 241(a)(2), at least as applied to petitioner, is constitutional.

In *Zadvydas v. Davis*,[23] "the Supreme Court held that six months of detention, following a final order of removal, is presumptively constitutional."[24]  Indeed, the Court held that detention for periods longer than six months may be permissible.  An alien subject to a final order of removal "may be held in confinement until it has been determined that there is no significant

---

lawfully while he continues to challenge removal.

[21]

8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.").  *See also Zadvydas v. Davis*, 533 U.S. 678, 682 (2001); *Wang v. Ashcroft*, 320 F.3d 130, 145 (2d Cir. 2003).

[22]

8 U.S.C. § 1231(a)(1)(B).

[23]

533 U.S. 678 (2001).

[24]

*Leslie v. Mule*, No. 10-2115-pr, 2011 WL 1958511, at *1 (2d Cir. May 23, 2011).

likelihood of removal in the reasonably foreseeable future."[25]   Accordingly, "[a]fter th[e presumptively reasonable] 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[26]

As petitioner submitted to custody on May 24, his period of detention has been far short of six months.  In any event, he has offered no evidence or indication that there is no significant likelihood of removal in the near future.  In light of *Zadvydas*, there is no colorable argument that petitioner's current detention violates the Due Process Clause.[27]

## III.     *Resolution and Review of MTR*

A federal regulation sometimes called the departure bar provides that "[a]ny departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such a motion."[28]  Thus, by its explicit terms, the departure bar provides that petitioner's MTR would be deemed withdrawn if petitioner were removed, even in violation of his wishes.  He therefore argues that removal must be stayed

---

[25]
 *Zadvydas*, 533 U.S. at 701.

[26]
 *Id.*

[27]
 The Second Circuit has upheld mandatory detention under Section 241(a)(2) where the alien has filed a habeas petition. *Wang*, 320 F.3d at 145-47 (discussing *Zadvydas*, 533 U.S. 678). *See also Fuller v. Gonzalez*, No. 04 Civ. 2039 (SRU), 2005 WL 818614, at *3 (D. Conn. Apr. 8, 2005); *Chimbo v. Secretary of Dep't of Homeland Security*, No. 04 Civ. 1671 (MRK), 2004 WL 2713154, at *8 (D. Conn. Nov. 18, 2004).

[28]
 8 C.F.R. § 1003.2(d).

pending resolution of the MTR to ensure that the motion is decided.[29]

Petitioner's concern is understandable.  But all of the courts of appeals to have considered the question directly – including the Second Circuit – have held that the departure bar is invalid to the extent that involuntary removals operate to withdraw statutory motions to reopen removal proceedings.[30]  This, according to the Second Circuit, is because "the BIA may not contract the jurisdiction that Congress gave it [to rule on statutory motions to reopen] by applying the departure bar regulation."[31]  Instead, "the BIA must consider an alien's motion to reopen even if the alien is no longer in the United States."[32]  At least under those decisions, then, petitioner would be permitted to pursue his MTR even if he is deported during its pendency.

Of course, the Supreme Court or another court of appeals might take a different view on this issue.  It therefore is possible that petitioner would be unable to pursue his MTR if he were removed before it is resolved.  But that possibility does not empower this Court to grant petitioner the relief that he seeks.  As stated above, this Court is without "jurisdiction to hear any . . . claim . . . by . . . an alien arising from the decision or action by the Attorney General to . . . execute removal

---

[29]

Pet. ¶ 40.

[30]

*Luna v. Holder*, 637 F.3d 85; *Coyt v. Holder*, 593 F.3d 902, 907 (9th Cir. 2010) (departure bar does not apply where the petitioner has been removed involuntarily); *William v. Gonzales*, 499 F.3d 329 (4th Cir. 2007) (invalidating the departure bar entirely).  *But see Rosillo-Puga v. Holder*, 580 F.3d 1147 (10th Cir. 2009) (upholding the departure bar in the context of a regulatory MTR); *Ovalles v. Holder*, 577 F.3d 288, 295-96 (5th Cir. 2009) (same).

[31]

*Luna*, 637 F.3d at 100.

[32]

*Id.* at 102.

orders against any alien."[33]  This does not mean, however, that petitioner has no means of protecting his ability to pursue his MTR.

The Second Circuit would have the authority to review a denial by the BIA of petitioner's MTR, provided that a proper petition for review were filed before that court within 30 days after the ruling.[34]  Petitioner therefore is at liberty to move in that court under the All Writs Act for a stay of removal and to argue that a stay is necessary to protect the Court of Appeals's ability ultimately to determine whether any denial of the MTR were proper.[35]  This of course is an argument to be considered by that court and one on which this Court expresses no opinion one way or the other.

## Conclusion

Petitioner's motion to admit him to bail and stay his removal [DI 2] is denied.

SO ORDERED.

Dated:          June 1, 2011

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

_____

[33]

8 U.S.C. § 1252(g).

[34]

*Luna*, 637 F.3d at 97.

[35]

18 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").